**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAY 24 2018

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANSELMO RAMOS-MORALES, AKA Francisco Perez-Mendoza, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   15-71083 <br><br> Agency No. A200-884-713 <br><br> MEMORANDUM* |

Appeal from the Board of Immigration Appeals

Submitted May 16, 2018**
Seattle, Washington

Before:  BERZON, THACKER,*** and HURWITZ, Circuit Judges.

Anselmo Ramos-Morales ("Petitioner") seeks review of the Board of

Immigration Appeals ("BIA") and Immigration Judge ("IJ") decisions denying his

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Stephanie Dawn Thacker, United States Circuit Judge for the Fourth Circuit, sitting by designation.

applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

1. The statute governing withholding of removal requires a demonstration that the petitioner's "life or freedom would be threatened in that country because of the [petitioner's] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3). "[A] petitioner may establish eligibility for withholding of removal (A) by establishing a presumption of fear of future persecution based on past persecution, or (B) through an independent showing of clear probability of future persecution." *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010) (citing 8 C.F.R. § 1208.16(b)(1), (2)).

2. The BIA's rejection of Petitioner's argument that, in Guatemala, he faced economic and societal discrimination on account of his Mam ethnicity that rises to the level of persecution was based on substantial evidence. Our decisions recognizing economic harm as persecution are grounded in an individualized showing of harm. *See, e.g.*, *Baballah v. Ashcroft*, 367 F.3d 1067, 1071–72, 1075 (9th Cir. 2004) (recognizing economic persecution where Israeli Marines "deliberately interfered" with the petitioner's attempts to maintain a fishing business by destroying his fishing nets, frightening his crew, and making sure he received unwarranted citations); *Gonzalez v. INS*, 82 F.3d 903, 906, 910 (9th Cir. 1996)

2

(finding economic persecution where petitioner "was forced to liquidate her business because she was denied the card she would need from the Ministry of Commerce to buy inventory"); *see also Kovac v. INS*, 407 F.2d 102, 104, 107 (9th Cir. 1969) (ordering reopening of immigration proceedings where petitioner alleged economic harm because Yugoslavian police "contacted his employers and caused him to lose several jobs as a chef, and to be turned away when seeking employment while others less qualified were hired"). Here, Petitioner, alleging only that his "people[,] the Mam[,] face systemic discrimination in Guatemala," has not demonstrated individualized economic harm.

3. Substantial evidence also supported the BIA's rejection of Petitioner's claim that he has demonstrated a clear probability of future persecution as a member of his nuclear family. A "clear probability" means "it is 'more likely than not' that the petitioner would be subject to persecution on account of one of the protected grounds." *Tamang*, 598 F.3d at 1091 (quoting *INS v. Cardoza–Fonseca*, 480 U.S. 421, 429 (1987)). Petitioner asserts that his father received vague death threats after Petitioner's uncle was killed. But where a petitioner's "fear of future persecution rests solely upon threats received by his family, it is especially significant that his family . . . continues to live [in Guatemala] unharmed, after being threatened." *Id.* at 1094. "[A] petitioner's fear of future persecution is weakened, even undercut, when similarly-situated family members living in the petitioner's home country are

3

*not* harmed." *Id.* (internal quotations omitted). Petitioner's father received vague threats and still resides in Guatemala unharmed. Petitioner has not demonstrated a clear probability of future persecution as a member of his nuclear family.

4. "[T]o qualify for CAT protection, a petitioner must show it is more likely than not he or she would be tortured if removed to the country of origin." *Id.* at 1095. "The same 'more likely than not' standard applies to CAT protection as it does to withholding of removal; however, for CAT protection, the harm feared must meet the definition of torture." *Id.* For the same reasons Petitioner has failed to show a clear probability of future harm for withholding of removal, he has failed to show that it is more likely than not that he would be tortured if removed to Guatemala.

**PETITION FOR REVIEW DENIED.**